UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x

JOANN C. RIVERA

                                             COMPLAINT

                                             JURY DEMAND

                        Plaintiff,

           -against-

CITY OF NEW YORK; VINCENT C. GREANY, as Inspector 32nd
Precinct; EMMA M. RODRIGUEZ, as Lieutenant 32nd Precinct;
JESUS PASTRANA, as Lieutenant 32nd Precinct; MASHIEL M.
SANTOS, as Sergeant 32nd Precinct; DENIS J. O'MAHONEY, as
Sergeant 32nd Precinct; WILSON O. RAMOS, as Sergeant 32nd Precinct;
GAETANO V. BELLO, as Medical Doctor Pregnancy Medical District
and APRIL BANNERS, as Senior Police Administrative Aide, Pregnancy
Medical District, each sued individually and in their official capacities
as employees of Defendant CITY OF NEW YORK

                                             Defendants'
------------------------------------------------------------------------------x

        Plaintiff JOANN C. RIVERA through THE SANDERS FIRM, P.C., files this federal

complaint against Defendants' CITY OF NEW YORK; VINCENT C. GREANY; EMMA M.

RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J. O'MAHONEY;

WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS, respectfully set forth

and allege that:

## JURISDICTION AND VENUE

        1.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§

1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

                a.      Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy

                        Discrimination Act of 1978;

                b.      Civil Rights Act of 1871, 42 U.S.C. § 1983;

        c.      New York State Executive Law § 296;

        d.      New York City Administrative Code § 8-107, as amended by the Pregnant Workers Fairness Act of 2014.

2.      The unlawful employment practices, violations of Plaintiff JOANN C. RIVERA'S civil rights complained of herein were committed within the Eastern and Southern Districts of New York.

## PROCEDURAL REQUIREMENTS

3.      Plaintiff JOANN C. RIVERA have filed suit with this Court within the applicable statute of limitations period.

4.      Plaintiff JOANN C. RIVERA alleges that on or about August 30, 2021, she filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) several times including December 2021, and even called but, has never received an acknowledgment.

5.      Plaintiff JOANN C. RIVERA alleges that on or about December 3, 2021, she received an acknowledgment from the United States Postal Service Tracking Number: 9510813223531326467487 that the Charge of Discrimination was delivered and received by EEOC.

6.      Plaintiff JOANN C. RIVERA is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871, New York State Executive Law § 296 or New York City Administrative Code § 8-107.

## THE PARTIES

7.      Plaintiff JOANN C. RIVERA lives in Orange County, New York.

## DEFENDANTS'

8.      Defendant THE CITY OF NEW YORK as a municipal employer. Although Defendant THE CITY OF NEW YORK is the employer, for the purposes of this litigation, Plaintiff JOANN C. RIVERA at times will make reference to her assigned agency which is the NYPD.

9.      Defendant VINCENT C. GREANY, as Inspector 32nd Precinct

10.     Defendant EMMA M. RODRIGUEZ, as Lieutenant 32nd Precinct

11.     Defendant JESUS PASTRANA, as Lieutenant 32nd Precinct

12.     Defendant MASHIEL M. SANTOS, as Sergeant 32nd Precinct

13.     Defendant DENIS J. O'MAHONEY, as Sergeant 32nd Precinct

14.     Defendant WILSON O. RAMOS, as Sergeant 32nd Precinct

15.     Defendant GAETANO V. BELLO, as Medical Doctor Pregnancy Medical District

16.     Defendant APRIL BANNERS, as Senior Police Administrative Aide, Pregnancy Medical District

## THE ALLEGATIONS

17.     Plaintiff JOANN C. RIVERA alleges that on or about December 24, 2017, she began her position as Training Officer, 32 Precinct.

18.     Plaintiff JOANN C. RIVERA alleges that in or around Early October 2020, she suspected that she was pregnant.

19.     Plaintiff JOANN C. RIVERA alleges that she immediately confided her suspicions to her co-workers but, did not tell her direct supervisors: Defendants' EMMA M. RODRIGUEZ; MASHIEL M. SANTOS or DENIS J. O'MAHONEY because of her prior experiences in the command where other pregnant female officers were mistreated over the years including the right to express milk in the workplace.

3

20.     Plaintiff JOANN C. RIVERA alleges that although she did not tell her direct supervisors about her suspected pregnancy, she suspects her co-workers did disclose her secret.

21.     Plaintiff JOANN C. RIVERA alleges that on or about October 18, 2020, Defendant DENIS J. O'MAHONEY notified her that she and other administrative staff were temporarily assigned to an election detail in the command.

22.     Plaintiff JOANN C. RIVERA alleges that she was the only police officer assigned to work the late tour, the others were assigned the day tour or the 4 x 12.

23.     Plaintiff JOANN C. RIVERA alleges that her direct supervisor Defendant EMMA M. RODRIGUEZ intentionally assigned her to the late tour in response to learning of her undisclosed pregnancy.

24.     Plaintiff JOANN C. RIVERA alleges that on or about October 19, 2020, she requested a tour change consistent with the other administrative staff but, Defendant MASHIEL M. SANTOS denied her request.

25.     Plaintiff JOANN C. RIVERA alleges that on or about October 21, 2020, she began working the temporary election detail during the late tour.

26.     Plaintiff JOANN C. RIVERA alleges that on or about November 13, 2020, she called the Pregnancy Medical District to report her pregnancy and recent COVID-19 diagnosis.

27.     Plaintiff JOANN C. RIVERA alleges that Defendant GAETANO V. BELLO informed her that Defendant APRIL BANNERS was on vacation, therefore, she'd have to report regular sick. However, upon her return, the regular sick leave will be consolidated and changed to pregnancy leave.

28.     Plaintiff JOANN C. RIVERA alleges that on or about November 18, 2020, while off-duty, feeling very sick, she decided to go to the Emergency Room.

29.     Plaintiff JOANN C. RIVERA alleges that prior to release, she was diagnosed with Hyperemesis gravidarum, a condition characterized by severe nausea, vomiting, weight loss, and electrolyte disturbance.

30.     Plaintiff JOANN C. RIVERA alleges that she was prescribed multiple medications.

31.     Plaintiff JOANN C. RIVERA alleges that she was told if the condition becomes more severe, it would require a stay in the hospital to receive fluid and nutrition through an intravenous line (IV).

32.     Plaintiff JOANN C. RIVERA alleges that on or about December 1, 2020, after numerous attempts leaving voicemails, etc., she finally reached Defendant APRIL BANNERS.

Plaintiff JOANN C. RIVERA alleges that Defendant APRIL BANNERS told her that she would process her medical records, consolidate and change the regular sick leave to pregnancy leave.

33.     Plaintiff JOANN C. RIVERA alleges that Defendant APRIL BANNERS also scheduled a virtual visit with Defendant GAETANO V. BELLO for the next business day.

34.     Plaintiff JOANN C. RIVERA alleges that on or about December 2, 2020, she had a virtual visit with Defendant GAETANO V. BELLO via Microsoft Teams.

35.     Plaintiff JOANN C. RIVERA alleges that she informed Defendant GAETANO V. BELLO she was diagnosed with Hyperemesis gravidarum and prescribed medication but, the condition is worsening.

36.     Plaintiff JOANN C. RIVERA alleges that instead of Defendant GAETANO V. BELLO affording her an opportunity to manage the severity of Hyperemesis gravidarum, dismissive of the condition, he told her he's returning her to work.

5

37.     Plaintiff JOANN C. RIVERA alleges that Defendant GAETANO V. BELLO'S insensitivity jeopardized her health and the fetus's viability.

38.     Plaintiff JOANN C. RIVERA alleges that on or about December 5, 2020, she returned to the Emergency Room as her Hyperemesis gravidarum condition worsened.

39.     Plaintiff JOANN C. RIVERA alleges that after contacting the Medical Division, she was ordered to meet with Defendant GAETANO V. BELLO in person at the Pregnancy Medical District One Lefrak Plaza in Queens County.

40.     Plaintiff JOANN C. RIVERA alleges that despite the severity of her Hyperemesis gravidarum condition, she was ordered to drive approximately 80 miles from Orange County to Queens County to meet with Defendant GAETANO V. BELLO instead of accommodated with a virtual visit via Microsoft Teams jeopardizing her health and the fetus's viability.

41.     Plaintiff JOANN C. RIVERA alleges that upon arrival at 0600 hours, she gave Defendant GAETANO V. BELLO her latest medical records.

42.     Plaintiff JOANN C. RIVERA alleges that after Defendant GAETANO V. BELLO reviewed the medical records, he disregarded her OB/GYN's medical opinion and ordered her to return to work effective December 9, 2020.

43.     Plaintiff JOANN C. RIVERA alleges that this in person visit with Defendant GAETANO V. BELLO took no more than 2 minutes if that.

44.     Plaintiff JOANN C. RIVERA alleges that Defendant GAETANO V. BELLO never contacted the Office of Equity and Inclusion to Request a Reasonable Accommodation consistent with department policy.

45.     Plaintiff JOANN C. RIVERA alleges that Defendant GAETANO V. BELLO'S actions jeopardized her health and the fetus's viability.

6

46.     Plaintiff JOANN C. RIVERA alleges that on or about December 9, 2020, after visiting with Defendant GAETANO V. BELLO she called her direct supervisor Defendant EMMA M. RODRIGUEZ and explained her medical condition while requesting a tour change consistent with the other administrative staff.

47.     Plaintiff JOANN C. RIVERA alleges that Defendant EMMA M. RODRIGUEZ ignored her request for a tour change and failed to contact the Office of Equity and Inclusion to Request a Reasonable Accommodation consistent with department policy.

48.     Plaintiff JOANN C. RIVERA alleges that Defendant EMMA M. RODRIGUEZ'S actions jeopardized her health and fetus's viability.

49.     Plaintiff JOANN C. RIVERA alleges that from December 10, 2020 to December 19, 2020, she chose to use her personal leave time instead using her pregnancy leave benefit because Defendant GAETANO V. BELLO repeatedly minimized the severity of her medical condition saying, "You're not hospitalized, so you're good."

50.     Plaintiff JOANN C. RIVERA alleges that Defendant GAETANO V. BELLO'S actions jeopardized her health and fetus's viability.

51.     Plaintiff JOANN C. RIVERA alleges that on or about December 16, 2020, she called her direct supervisor Defendant DENIS J. O'MAHONEY and explained her medical condition while requesting a tour change consistent with the other administrative staff.

52.     Plaintiff JOANN C. RIVERA alleges that Defendant DENIS J. O'MAHONEY told her, if it was up to him, he'd accommodate her but, it's up to the Administrative Office (meaning Defendant EMMA M. RODRIGUEZ).

53.     Plaintiff JOANN C. RIVERA alleges that Defendant DENIS J. O'MAHONEY failed to contact the Office of Equity and Inclusion to Request a Reasonable Accommodation consistent with department policy.

54.     Plaintiff JOANN C. RIVERA alleges that on or about December 18, 2020, while off-duty leaving the Emergency Room after receiving more medical treatment for her condition, Defendant WILSON O. RAMOS, 32 Precinct notified her via text and phone that she was transferred to the Legal Bureau, Body Camera Unit at One Police Plaza, in New York County effective 0001 hours on December 21, 2020.

55.     Plaintiff JOANN C. RIVERA alleges that she was intentionally transferred by Defendant VINCENT C. GREANY in response to complaining about her mistreatment after disclosing her pregnancy and Hyperemesis gravidarum condition.

56.     Plaintiff JOANN C. RIVERA alleges that this transfer which increased the commute to her OB/GYN in case of a need for further medical treatment jeopardized her health and fetus's viability.

57.     Plaintiff JOANN C. RIVERA alleges that meanwhile, Police Officers Shazell J. Mitchell, Naikee D. Loomis and Jennifer Garcia were pregnant and Defendant VINCENT C. GREANY did not transfer them.

58.     Plaintiff JOANN C. RIVERA alleges that on or about December 19, 2020, she received a phone call from the Legal Bureau, Body Camera Unit confirming the transfer with her regular days off changing from Friday and Saturday to Sunday and Monday.

59.     Plaintiff JOANN C. RIVERA alleges that the change in regular days off interfered with ability to visit with her OB/GYN in case of a need for further medical treatment jeopardizing her health and fetus's viability.

60.     Plaintiff JOANN C. RIVERA alleges that on or about December 21, 2020, via department email, she contacted Defendants' VINCENT C. GREANY; EMMA M. RODRIGUEZ; DENIS J. O'MAHONEY and MASHIEL M. SANTOS complaining that she did not request a transfer and her commute is now two (2) hours away interfering with her ability to visit with her OB/GYN in case of a need for further medical treatment.

61.     Plaintiff JOANN C. RIVERA alleges that no one responded to her complaints.

62.     Plaintiff JOANN C. RIVERA alleges that Defendants' VINCENT C. GREANY; EMMA M. RODRIGUEZ; DENIS J. O'MAHONEY and MASHIEL M. SANTOS failed to contact the Office of Equity and Inclusion consistent with department policy.

63.     Plaintiff JOANN C. RIVERA alleges that Defendants' VINCENT C. GREANY; EMMA M. RODRIGUEZ; DENIS J. O'MAHONEY and MASHIEL M. SANTOS'S actions jeopardized her health and fetus's viability.

64.     Plaintiff JOANN C. RIVERA alleges that after sending the department email, she contacted the Office of Equity and Inclusion and filed a complaint against Defendant EMMA M. RODRIGUEZ.

65.     Plaintiff JOANN C. RIVERA alleges that she essentially communicated the information sent via department email to Defendants' VINCENT C. GREANY; EMMA M. RODRIGUEZ; DENIS J. O'MAHONEY and MASHIEL M. SANTOS.

66.     Plaintiff JOANN C. RIVERA alleges that the Office of Equity and Inclusion failed to add Defendants' GAETANO V. BELLO, MD; VINCENT C. GREANY; DENIS J. O'MAHONEY AND MASHIEL M. SANTOS as additional subjects to minimize her complaints.

67.     Plaintiff JOANN C. RIVERA alleges that on or about December 28, 2020, after reporting sick again due to her medical condition, Defendant GAETANO V. BELLO threatened to refer her case over to Absence Control for investigation essentially accusing her of abusing the pregnancy leave policy.

68.     Plaintiff JOANN C. RIVERA alleges that Defendant GAETANO V. BELLO'S actions jeopardized her health and fetus's viability.

69.     Plaintiff JOANN C. RIVERA alleges that later that day, Defendants' MASHIEL M. SANTOS AND DENIS J. O'MAHONEY notified her that she was transferred back to the 32 Precinct. Defendant MASHIEL M. SANTOS told her, she will remain on the late tour with Friday and Saturday regular days off.

70.     Plaintiff JOANN C. RIVERA alleges that on or about December 29, 2020, she filed a Request for a Reasonable Accommodation with the Office of Equity and Inclusion.

71.     Plaintiff JOANN C. RIVERA alleges that on or about January 13, 2021, she was ordered by the Office of Equity and Inclusion to appear for a medical evaluation for the Request for a Reasonable Accommodation at the Pregnancy Medical District.

72.     Plaintiff JOANN C. RIVERA alleges that the doctor covering for Defendant GAETANO V. BELLO did not minimize her medical condition and readily approved her Request for a Reasonable Accommodation.

73.     Plaintiff JOANN C. RIVERA alleges that on or about January 21, 2021, the Office of Equity and Inclusion notified her that her Request for a Reasonable Accommodation was approved to work from home but, she was afraid of losing her position as Training Officer.

74.     Plaintiff JOANN C. RIVERA alleges that later that day, she received a text message from Roll Call notifying her that she will be assigned to operate the Telephone Switchboard on day tours with Friday and Saturday regular days off.

75.     Plaintiff JOANN C. RIVERA alleges that this assignment was very stressful with public contact that's inconsistent with managing her pregnancy and Hyperemesis gravidarum condition.

76.     Plaintiff JOANN C. RIVERA alleges that Defendants' VINCENT C. GREANY and EMMA M. RODRIGUEZ intentionally removed her from the Training Officer position in response for complaining about her mistreatment after disclosing her pregnancy and Hyperemesis gravidarum condition.

77.     Plaintiff JOANN C. RIVERA alleges that such actions jeopardized her health and fetus's viability.

78.     Plaintiff JOANN C. RIVERA alleges that on or about February 2, 2021, she received a department email from Defendant EMMA M. RODRIGUEZ to review her 2020 Performance Evaluation.

79.     Plaintiff JOANN C. RIVERA alleges that she noticed the rater was Defendant MASHIEL M. SANTOS instead of Defendant DENIS J. O'MAHONEY consistent with department policy.

80.     Plaintiff JOANN C. RIVERA alleges that the reviewer was Defendant EMMA M. RODRIGUEZ.

81.     Plaintiff JOANN C. RIVERA alleges that Defendant MASHIEL M. SANTOS rated her with a 68 out of 100, comments inferring misuse of the sick leave policy. There are no

notations she was in fact pregnant and entitled to have all of the regular sick leave absences consolidated and changed to one (1) pregnancy sick event consistent with department policy.

82.     Plaintiff JOANN C. RIVERA alleges that her prior Performance Evaluations are: 2017 – 79 out of 100, while out seven (7) months without pay to breast feed her first child; 2018 – 94 out of 100 and 2019 – 91 out of 100.

83.     Plaintiff JOANN C. RIVERA alleges that Defendant DENIS J. O'MAHONEY rated her in 2018 and 2019, therefore should have rated her in 2020 consistent with department policy.

84.     Plaintiff JOANN C. RIVERA alleges that Defendant MASHIEL M. SANTOS rated her in a manner to intentionally interfere with her career advancement because she complained about her mistreatment after disclosing her pregnancy and Hyperemesis gravidarum condition.

85.     Plaintiff JOANN C. RIVERA alleges that on or about February 3, 2021, the Pregnancy Medical District confirmed all of her regular sick leave absences were consolidated and changed to one (1) pregnancy sick event consistent with department policy, therefore the entry in the 2020 Performance Evaluation is false.

86.     Plaintiff JOANN C. RIVERA also learned on November 16, 2020, Defendant DENIS J. O'MAHONEY failed to file the required Line of Duty Designation documents to protect her medical and pensions rights regarding her exposure to COVID-19.

87.     Plaintiff JOANN C. RIVERA alleges that shortly thereafter, she appealed her 2020 Performance Evaluation consistent with department policy.

88.     Plaintiff JOANN C. RIVERA alleges that on or about February 8, 2021,
Defendant MASHIEL M. SANTOS requested to privately speak with her, they walked to the
Conference Room immediately next to Defendant VINCENT C. GREANY'S office.

89.     Plaintiff JOANN C. RIVERA alleges that when Defendant MASHIEL M.
SANTOS opened the door, present were: Defendants' VINCENT C. GREANY; JESUS
PASTRANA; DENIS J. O'MAHONEY and PBA Delegate Police Officer Kevin M. Connolly.

90.     Plaintiff JOANN C. RIVERA alleges that she felt ambushed. Her heart started
beating faster, the fetus was moving a lot and her emotions were all over the place.

91.     Plaintiff JOANN C. RIVERA alleges that the 2020 Performance Evaluation
prepared by Defendant MASHIEL M. SANTOS and reviewed by Defendant EMMA M.
RODRIGUEZ was replete with factual errors, bias and other factors than performance.

92.     Plaintiff JOANN C. RIVERA alleges that she tried to calm herself down.

93.     Plaintiff JOANN C. RIVERA alleges that Defendant VINCENT C. GREANY
told her they would be discussing the 2020 Performance Evaluation.

94.     Plaintiff JOANN C. RIVERA alleges that she complained about her mistreatment
after disclosing her pregnancy and Hyperemesis gravidarum condition to Defendants' EMMA
M. RODRIGUEZ; MASHIEL M. SANTOS and DENIS J. O'MAHONEY and Defendant
DENIS J. O'MAHONEY'S failure to file the required Line of Duty Designation documents to
protect her medical and pensions rights regarding her exposure to COVID-19.

95.     Plaintiff JOANN C. RIVERA alleges that Defendant VINCENT C. GREANY
then questioned her choice to not initially disclose her pregnancy commenting, "Why would you
put yourself and your child through that?"

96.     Plaintiff JOANN C. RIVERA alleges that Defendant VINCENT C. GREANY'S comments and value judgments are inconsistent with her legal rights and has absolutely nothing to do with assessing if the 2020 Performance Evaluation prepared by Defendant MASHIEL M. SANTOS and reviewed by Defendant EMMA M. RODRIGUEZ is consistent with department policy.

97.     Plaintiff JOANN C. RIVERA alleges that she then re-emphasized to Defendant VINCENT C. GREANY that her overall treatment, low 2020 Performance Evaluation and failure to file the required Line of Duty Designation documents to protect her medical and pensions rights regarding her exposure to COVID-19 are in response to disclosing her pregnancy and Hyperemesis gravidarum condition to Defendants' EMMA M. RODRIGUEZ; MASHIEL M. SANTOS AND DENIS J. O'MAHONEY.

98.     Plaintiff JOANN C. RIVERA alleges that an annoyed Defendant VINCENT C. GREANY reminded her that, he's in charge of the command and not to make unproven allegations.

99.     Plaintiff JOANN C. RIVERA alleges that without challenging Defendant MASHIEL M. SANTOS'S assessment of her in the 2020 Performance Evaluation, Defendant VINCENT C. GREANY offered to add six (6) points to the evaluation an increase from 68 to 74 out of 100. Defendant VINCENT C. GREANY offered no explanation as to which areas he intended to adjust.

100.    Plaintiff JOANN C. RIVERA alleges that Defendant VINCENT C. GREANY then ended the meeting.

101.    Plaintiff JOANN C. RIVERA alleges that upon completion of the meeting Defendants' VINCENT C. GREANY; JESUS PASTRANA; MASHIEL M. SANTOS AND

DENIS J. O'MAHONEY failed to contact the Office of Equity and Inclusion consistent with department policy.

102.    Plaintiff JOANN C. RIVERA alleges that on or about February 9, 2021, she reported to the Office of Equity and Inclusion and gave a recorded interview.

103.    Plaintiff JOANN C. RIVERA alleges that the Office of Equity and Inclusion failed to add Inspector Defendants' VINCENT C. GREANY; JESUS PATRANA; DENIS J. O'MAHONEY AND MASHIEL M. SANTOS as additional subjects to minimize her complaints.

104.    Plaintiff JOANN C. RIVERA alleges that upon completion of the interview, the Office of Equity and Inclusion changed her reasonable accommodation to work from home until March 19, 2021, and if it needs to be extended to call a few days before the expiration date.

105.    Plaintiff JOANN C. RIVERA alleges that later that day, she sent a department email to Defendants' VINCENT C. GREANY; MASHIEL M. SANTOS AND DENIS J. O'MAHONEY confirming her right to continue with the appeals process for the 2020 Performance Evaluation to Patrol Borough Manhattan North.

106.    Plaintiff JOANN C. RIVERA alleges that on or about March 9, 2021, she sent a UF49 to Patrol Borough Manhattan North and Defendant MASHIEL M. SANTOS outlining the basis for the appeal of the 2020 Performance Evaluation.

107.    Plaintiff JOANN C. RIVERA alleges that on or about March 19, 2021, the Office of Equity and Inclusion told her she had to be re-evaluated for another Request for a Reasonable Accommodation.

108.    Plaintiff JOANN C. RIVERA alleges that on or about March 23, 2021, she returned to the Pregnancy Medical District and re-evaluated by Defendant GAETANO V. BELLO.

109.    Plaintiff JOANN C. RIVERA alleges that she complained to Defendant GAETANO V. BELLO about repeated stressful assignments including the 124 Room and Telephone Switchboard with public contact that's inconsistent with managing her pregnancy and Hyperemesis gravidarum condition.

110.    Plaintiff JOANN C. RIVERA alleges that Defendant GAETANO V. BELLO created a document for her to hand deliver to Defendant EMMA M. RODRIGUEZ.

111.    Plaintiff JOANN C. RIVERA alleges that Defendant EMMA M. RODRIGUEZ continued to ensure she receive the stressful assignments.

112.    Plaintiff JOANN C. RIVERA alleges that the following week, Defendant EMMA M. RODRIGUEZ told her that she has to return to the Pregnancy Medical District to be re-evaluated for another Request for a Reasonable Accommodation.

113.    Plaintiff JOANN C. RIVERA alleges that Defendant GAETANO V. BELLO called Defendant EMMA M. RODRIGUEZ informed her that the assignments given to her are inconsistent with her restrictions and she should be more sympathetic to her disorder.

114.    Plaintiff JOANN C. RIVERA alleges that Defendant GAETANO V. BELLO only approved her to work from home one (1) to two (2) days a week.

115.    Plaintiff JOANN C. RIVERA alleges that on or about April 5, 2021, Defendant EMMA M. RODRIGUEZ placed her in the School Crossing Guards Office where the telephones rang non-stop.

116.    Plaintiff JOANN C. RIVERA alleges that on or about April 7, 2021, Defendant EMMA M. RODRIGUEZ told her that she will be working from home until June 7, 2021.

117.    Charing Party JOANN C. RIVERA alleges that on or about July 1, 2021, she started child care leave.

118.    Plaintiff JOANN C. RIVERA alleges that Defendants' CITY OF NEW YORK; VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS are in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978; Civil Rights Act of 1871, 42 U.S.C. § 1983; New York State Executive Law § 296 and New York City Administrative Code § 8-107, as amended by the Pregnant Workers Fairness Act of 2014.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### PREGNANCY DISCRIMINATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

119.    Plaintiff JOANN C. RIVERA re-alleges Paragraphs 1 through 118 and incorporates them by reference as Paragraphs 1 through 118 of Count I of this Complaint.

120.    Plaintiff JOANN C. RIVERA allege that Defendant CITY OF NEW YORK through its agents engaged in a pattern and practice of pregnancy discrimination against her with respect to the terms, conditions and privileges of employment because of her gender.

121.    Plaintiff JOANN C. RIVERA allege that Defendant CITY OF NEW YORK knew or should have known about pregnancy discrimination in the workplace because of their prior history of discriminatory conduct.

122.    Plaintiff JOANN C. RIVERA allege that the discriminatory acts of Defendant

CITY OF NEW YORK caused her to suffer depression and anxiety.

123. Plaintiff JOANN C. RIVERA allege that Defendant CITY OF NEW YORK acted in an outrageous and systematic pattern of oppression, bad faith and cover-up.

124. Plaintiff JOANN C. RIVERA allege that the acts of Defendant CITY OF NEW YORK under color of law caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

## COUNT II
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

125. Plaintiff JOANN C. RIVERA re-alleges Paragraphs 1 through 124 and incorporates them by reference as Paragraphs 1 through 124 of Count II of this Complaint.

126. Plaintiff JOANN C. RIVERA allege that Defendant CITY OF NEW YORK through its agents engaged in various cruel and hostile actions towards her with respect to the terms, conditions and privileges of employment because of her gender.

127. Plaintiff JOANN C. RIVERA allege that the cruel and hostile acts of Defendant CITY OF NEW YORK through its agents under color of law caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

## COUNT III
## RETALIATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

128. Plaintiff JOANN C. RIVERA re-alleges Paragraphs 1 through 127 and incorporates them by reference as Paragraphs 1 through 127 of Count III of this Complaint.

129.    Plaintiff JOANN C. RIVERA allege that Defendant CITY OF NEW YORK

through its agents engaged in various retaliatory actions against her for opposing pregnancy

discrimination and filing such complaints with its agents, the NYPD Office of Equity and

Inclusion and the EEOC.

130.    Plaintiff JOANN C. RIVERA allege that as a result of the illegal acts of

Defendant CITY OF NEW YORK through its agents under color of law caused her to experience

emotional distress, postpartum depressions, and other related medical conditions, incur

significant legal costs, damage to her personal and professional reputation.

### COUNT IV
### PREGNANCY DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

131.    Plaintiff JOANN C. RIVERA re-alleges Paragraphs 1 through 130 and

incorporates them by reference as Paragraphs 1 through 130 of Count IV of this Complaint.

132.    Plaintiff JOANN C. RIVERA allege that Defendants' VINCENT C. GREANY;

EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J.

O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS

intentionally engaged in an outrageous and systematic pattern of pregnancy discrimination,

oppression, bad faith and cover-up.

133.    Plaintiff JOANN C. RIVERA allege that Defendants' VINCENT C. GREANY;

EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J.

O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS acting

individually and in their official capacities as a public officials of Defendant CITY OF NEW

YORK under color of law, and having been fully advised that she is being deprived of her

constitutional rights, either acted in a concerted, malicious intentional pattern to further

discriminate against her, or knowing such pregnancy discrimination was taking place, knowingly omitted to act to protect her.

134.    Plaintiff JOANN C. RIVERA allege that Defendants' VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS under color of law caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

## COUNT V
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

135.    Plaintiff JOANN C. RIVERA re-alleges Paragraphs 1 through 134 and incorporates them by reference as Paragraphs 1 through 134 of Count V of this Complaint.

136.    Plaintiff JOANN C. RIVERA allege that Defendants' VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS intentionally engaged in an outrageous and systematic pattern of pregnancy discrimination, hostility, oppression, bad faith and cover-up, directed at her with respect to the terms, conditions and privileges of employment because of her gender.

137.    Plaintiff JOANN C. RIVERA allege that Defendants' VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS acting individually and in their official capacities as a public officials of Defendant CITY OF NEW YORK under color of law, and having been fully advised that she is being deprived of her

constitutional rights, either acted in a concerted, malicious intentional pattern to further

discriminate against her, or knowing such pregnancy discrimination was taking place, knowingly

omitted to act to protect her.

138.     Plaintiff JOANN C. RIVERA allege that Defendants' VINCENT C. GREANY;

EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J.

O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS under

color of law caused her to experience emotional distress, postpartum depressions, and other

related medical conditions, incur significant legal costs, damage to her personal and professional

reputation.

**COUNT VI**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

139.     Plaintiff JOANN C. RIVERA re-alleges Paragraphs 1 through 138 and

incorporates them by reference as Paragraphs 1 through 138 of Count VI of this Complaint.

140.     Plaintiff JOANN C. RIVERA allege that Defendants' VINCENT C. GREANY;

EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J.

O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS

intentionally engaged in an outrageous and systematic pattern of pregnancy discrimination,

hostility, oppression, bad faith and cover-up.

141.     Plaintiff JOANN C. RIVERA allege that Defendants' VINCENT C. GREANY;

EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J.

O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS acting

individually and in their official capacities as a public officials of Defendant CITY OF NEW

YORK under color of law, and having been fully advised that she is being deprived of her

constitutional rights, either acted in a concerted, malicious intentional pattern to retaliate against her for opposing pregnancy discrimination and filing such complaints with its agents, the NYPD Office of Equity and Inclusion and the EEOC.

142.     Plaintiff JOANN C. RIVERA that Defendants' VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS under color of law caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

**COUNT VII**
**MONELL CLAIM**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

143.     Plaintiff JOANN C. RIVERA re-alleges Paragraphs 1 through 142 and incorporates them by reference as Paragraphs 1 through 142 of Count VII of this Complaint.

144.     Plaintiff JOANN C. RIVERA alleges that Defendant CITY OF NEW YORK through its agents caused her injuries.

145.     Plaintiff JOANN C. RIVERA alleges that Defendant CITY OF NEW YORK actions of implementing 'official and un-official' policies of supporting pregnancy discrimination and related claims under color of law.

146.     Plaintiff JOANN C. RIVERA alleges that Defendant CITY OF NEW YORK through its agents deprived her of her constitutional and statutory rights.

147.     Plaintiff JOANN C. RIVERA alleges that Defendant CITY OF NEW YORK through its agents caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

## COUNT VIII
## PREGNANCY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

148.    Plaintiff JOANN C. RIVERA re-alleges Paragraphs 1 through 147 and incorporates them by reference as Paragraphs 1 through 147 of Count VIII of this Complaint.

149.    Plaintiff JOANN C. RIVERA alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of her gender.

150.    Plaintiff JOANN C. RIVERA alleges that Defendants' CITY OF NEW YORK; VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS discriminated against her because of her gender.

151.    Plaintiff JOANN C. RIVERA alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY OF NEW YORK; VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS she suffered the indignity of pregnancy discrimination and great humiliation.

152.    Plaintiff JOANN C. RIVERA alleges that Defendants' CITY OF NEW YORK; VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS'S violations caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

## COUNT IX
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

153.     Plaintiff JOANN C. RIVERA re-alleges Paragraphs 1 through 152 and

incorporates them by reference as Paragraphs 1 through 152 of Count IX of this Complaint.

154.     Plaintiff JOANN C. RIVERA alleges that New York State Executive Law § 296,

makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of

employment because of their gender.

155.     Plaintiff JOANN C. RIVERA alleges that the law also makes it unlawful to create

an atmosphere where hostilities are encouraged and/or tolerated.

156.     Plaintiff JOANN C. RIVERA alleges that Defendants' CITY OF NEW YORK;

VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M.

SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL

BANNERS engaged in various hostile actions against her based upon her gender.

157.     Plaintiff JOANN C. RIVERA alleges that as a direct and proximate result of the

unlawful employment practices of Defendants' CITY OF NEW YORK; VINCENT C. GREANY;

EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J.

O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS she

suffered the indignity of pregnancy discrimination.

158.     Plaintiff JOANN C. RIVERA alleges that Defendants' CITY OF NEW YORK;

VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M.

SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL

BANNERS'S violations caused her to experience emotional distress, postpartum depressions,

and other related medical conditions, incur significant legal costs, damage to her personal and

professional reputation.

## COUNT X
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

159.    Plaintiff JOANN C. RIVERA re-alleges Paragraphs 1 through 158 and

incorporates them by reference as Paragraphs 1 through 158 of Count X of this Complaint.

160.    Plaintiff JOANN C. RIVERA alleges that New York State Executive Law § 296,

makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of

employment because of their gender.

161.    Plaintiff JOANN C. RIVERA alleges that the law also makes it unlawful to create

an atmosphere where retaliation is encouraged and/or tolerated.

162.    Plaintiff JOANN C. RIVERA alleges that Defendants' CITY OF NEW YORK;

VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M.

SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL

BANNERS engaged in various retaliatory actions against her for opposing pregnancy

discrimination and filing such complaints with its agents, the NYPD Office of Equity and

Inclusion and the EEOC.

163.    Plaintiff JOANN C. RIVERA alleges that as a direct and proximate result of the

unlawful employment practices of Defendants' CITY OF NEW YORK; VINCENT C. GREANY;

EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J.

O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS she

suffered the indignity of pregnancy discrimination and great humiliation.

164.    Plaintiff JOANN C. RIVERA alleges that Defendants' CITY OF NEW YORK;

VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M.

SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL

BANNERS'S violations caused her to experience emotional distress, postpartum depressions,

and other related medical conditions, incur significant legal costs, damage to her personal and

professional reputation.

**COUNT XI**
**PREGNANCY DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

165.    Plaintiff JOANN C. RIVERA re-alleges Paragraphs 1 through 164 and

incorporates them by reference as Paragraphs 1 through 164 of Count XI of this Complaint.

166.    Plaintiff JOANN C. RIVERA alleges that New York City Administrative Code §

8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or

privileges of employment because of their gender.

167.    Plaintiff JOANN C. RIVERA alleges that Defendants' CITY OF NEW YORK;

VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M.

SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL

BANNERS discriminated against her because of her gender.

168.    Plaintiff JOANN C. RIVERA alleges that as a direct and proximate result of the

unlawful employment practices of Defendants' CITY OF NEW YORK; VINCENT C. GREANY;

EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J.

O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS she

suffered the indignity of pregnancy discrimination and great humiliation.

169.    Plaintiff JOANN C. RIVERA alleges that Defendants' CITY OF NEW YORK;

VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M.

SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL

BANNERS'S violations caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

**COUNT XII**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

170.     Plaintiff JOANN C. RIVERA re-alleges Paragraphs 1 through 169 and incorporates them by reference as Paragraphs 1 through 169 of Count XII of this Complaint.

171.     Plaintiff JOANN C. RIVERA alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

172.     Plaintiff JOANN C. RIVERA alleges that the law also makes it unlawful to create an atmosphere where hostilities are encouraged and/or tolerated.

173.     Plaintiff JOANN C. RIVERA alleges that Defendants' CITY OF NEW YORK; VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS engaged in various hostile actions against her based upon her gender.

174.     Plaintiff JOANN C. RIVERA alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY OF NEW YORK; VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS she suffered the indignity of pregnancy discrimination.

175.     Plaintiff JOANN C. RIVERA alleges that Defendants' CITY OF NEW YORK; VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M.

SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL

BANNERS'S violations caused her to experience emotional distress, postpartum depressions,

and other related medical conditions, incur significant legal costs, damage to her personal and

professional reputation.

**COUNT XIII**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

176.    Plaintiff JOANN C. RIVERA re-alleges Paragraphs 1 through 175 and

incorporates them by reference as Paragraphs 1 through 175 of Count XIII of this Complaint.

177.    Plaintiff JOANN C. RIVERA alleges that New York City Administrative Code §

8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or

privileges of employment because of their gender.

178.    Plaintiff JOANN C. RIVERA alleges that the law also makes it unlawful to create

an atmosphere where retaliation is encouraged and/or tolerated.

179.    Plaintiff JOANN C. RIVERA alleges that Defendants' CITY OF NEW YORK;

VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M.

SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL

BANNERS engaged in various retaliatory actions against her for opposing pregnancy

discrimination and filing such complaints with its agents, the NYPD Office of Equity and

Inclusion and the EEOC.

180.    Plaintiff JOANN C. RIVERA alleges that as a direct and proximate result of the

unlawful employment practices of Defendants' CITY OF NEW YORK; VINCENT C. GREANY;

EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J.

O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS she

28

suffered the indignity of pregnancy discrimination and great humiliation.

181.    Plaintiff JOANN C. RIVERA alleges that Defendants' CITY OF NEW YORK; VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS'S violations caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

## JURY TRIAL

182.    Plaintiff JOANN C. RIVERA demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff JOANN C. RIVERA demands compensatory and punitive damages from Defendants' CITY OF NEW YORK; VINCENT C. GREANY; EMMA M. RODRIGUEZ; JESUS PASTRANA; MASHIEL M. SANTOS; DENIS J. O'MAHONEY; WILSON O. RAMOS; GAETANO V. BELLO and APRIL BANNERS jointly and severally, in an amount to be determined at trial, plus any al available statutory remedies, both legal and equitable, and interests and costs.

Dated: September 22, 2022
New York, N.Y.

Respectfully submitted,

By: _____

Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com